UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **GARRETT PATTERSON,**<br><br>*Plaintiff*,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., OPPORTUNITY FINANCIAL, LLC,** *and* **TRANS UNION, LLC,**<br><br>*Defendants*. | Case No.: 2:26-cv-371<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Garrett Patterson ("Mr. Patterson"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Experian Information Solutions, Inc. ("Experian"), Opportunity Financial, LLC, doing business as OppLoans ("OppLoans"), and Trans Union LLC ("Trans Union") (collectively with Experian and OppLoans, the "Defendants"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action against all Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and against OppLoans only for breach of contract.

**JURISDICTION AND VENUE**

Page **1** of **20**

2. Subject matter jurisdiction for Plaintiff's FCRA claims arises under FCRA, 15 U.S.C. § 1681p, and 18 U.S.C. § 1331, as the FCRA is a federal statute.

3. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim under 18 U.S.C. § 1367.

4. The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida, Fort Myers Division, because the acts complained of were committed and / or caused within DeSoto County.

## PARTIES

### Mr. Patterson

6. Mr. Patterson is a natural person who at all times relevant resided in the city of Arcadia, DeSoto County, Florida.

7. Mr. Patterson is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Experian and Trans Union

8. Experian is an Ohio corporation with a principal business address of 475 Anton Blvd., Costa Mesa CA 92626.

9. Experian is registered to conduct business in Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Rd. Plantation, FL 33324.

10. Trans Union is an Illinois limited liability company with a principal address of 555 West Adams Street, Chicago, IL 60661.

11. Trans Union is registered to conduct business in Florida, where its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

12. Experian and Trans Union are "Consumer Credit Reporting Agencies" ("CRAs") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, or on a cooperative nonprofit basis, they regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

### OppLoans

13. OppLoans is a Delaware limited liability company with a principal business address of 130 E. Randolph St., Suite 3400, Chicago, IL 60601.

14. OppLoans is registered to conduct business in the State of Florida, where its registered agent is Cogency Global, Inc., 115 N. Calhoun St., Suite 4, Tallahassee, FL 32301.

### FACTUAL ALLEGATIONS

### OppLoans' Loan to Plaintiff

15. On or around September 14, 2021, OppLoans made a small-dollar, personal loan to Mr. Patterson (the "Loan").

16. The stated annual percentage rate ("APR") on the Loan exceeded 150%.

17. Florida caps interest rates at 18% per year, although it is possible to charge up to 36% with the appropriate license.

18. Shortly after making the Loan, OppLoans started reporting payment and balance history to Experian and Trans Union, two of the largest CRAs in the nation.

19. OppLoans' reporting of payment and balance information to the CRAs essentially held Mr. Patterson's credit reports and scores hostage – if he failed to pay the unlawful interest assessed by OppLoans, OppLoans would destroy his credit scores.

20. Indeed, specifically because of the damage inflicted to his credit reports and scores, Mr. Patterson settled the outstanding balance with OppLoans, paying it a total of at least $1,780 for the short-term, $1,000 loan.

21. In July 2025, upon procuring counsel and learning that the interest assessed by OppLoans is illegal in Florida, Mr. Patterson filed a lawsuit against OppLoans and its bank "partner," FinWise Bank Corp ("FinWise"), alleging the making and collecting of the Loan violated Florida's Civil Remedies for Criminal Practices Act, § 772.101, Fla. Stat., *et seq*.

22. On September 16, 2025, Mr. Patterson, OppLoans, and FinWise entered into a contract whereby OppLoans and FinWise agreed to instruct the CRAs to delete any tradelines previously reported regarding the Loan, within 30 days of receipt of the signed contract from Mr. Patterson.[1]

---

[1] Mr. Patterson is in possession of the full contract and can file it under seal as necessary, as the contract contains a confidentiality provision.

23. Mr. Patterson returned the signed contract to OppLoans and FinWise, through counsel, on or about September 16, 2025.

24. Despite receiving the signed agreement back from Mr. Patterson, OppLoans failed to request deletion of its tradeline, breaching its contract with Mr. Patterson.

## Mr. Patterson's November 2025 Disputes

25. On or about November 12, 2025, Mr. Patterson reviewed his Experian and Trans Union credit reports and learned the tradeline concerning the Loan was still reporting to both CRAs.

26. Mr. Patterson thereafter disputed the OppLoans tradeline concerning the Loan to Experian and Trans Union, stating the account should be deleted because of a prior agreement with OppLoans.

27. Neither Experian nor Trans Union made any independent investigation of the disputes.

28. Experian and Trans Union each separately Automated Consumer Dispute Verification ("ACDV") requests, which were delivered to OppLoans through a system known as e-OSCAR.

29. Upon receipt of the ACDVs, OppLoans was placed on notice of Mr. Patterson's disputes.

30. As notice of dispute was received from a CRA, OppLoans was thereafter required by the FCRA to make a reasonable investigation into the dispute. 15 U.S.C. § 1681s-2(b).

31. OppLoans responded to the ACDVs, certifying to Experian and Trans Union that its information was accurate and should remain reporting.

32. OppLoans thus failed to conduct a reasonable investigation into Mr. Patterson's disputes, as any reasonable investigation would have determined the tradeline should be deleted based on its prior contract with Mr. Patterson.

### Mr. Patterson's Subsequent Disputes

33. On or about December 12, 2025, Mr. Patterson again disputed the OppLoans tradeline concerning the Loan to Experian and Trans Union, stating the account should be deleted because of a prior agreement with OppLoans.

34. Mr. Patterson uploaded the portion of the contract evidencing OppLoans' agreement to delete with his dispute.

35. Mr. Patterson provided the case number, county and date for his lawsuit which resulted in the agreement to delete.

36. Upon receipt of this second round of disputes, Experian and Trans Union once again failed to make any independent investigation and relied on their automated systems to initiate ACDV requests, which were delivered to OppLoans through e-OSCAR.

37. Once again, upon receipt of the ACDVs, OppLoans was placed on notice of Mr. Patterson's second round of disputes.

38. As before, OppLoans responded to the ACDVs that the account tradeline was reporting accurately and should remain reporting.

39. OppLoans thus failed to conduct a reasonable investigation into Mr. Patterson's December 2025 disputes, as any reasonable investigation would have determined the tradeline should be deleted based on its prior contract with Mr. Patterson.

40. A third round of disputes was submitted in January 2026, resulting in the same: the CRAs made no investigation of their own, and sent OppLoans yet two more ACDVs.

41. OppLoans received notice of Mr. Patterson's dispute from Experian and Trans Union but once again verified its reporting as accurate and failed to request deletion.

42. In none of the disputes did OppLoans so much as update its reporting to indicate the information reported as "disputed by consumer."

### Experian and Trans Union Make Unreasonable Investigations

43. Upon receipt of Mr. Patterson's disputes, Experian and Trans Union were required to make a reasonable investigation of their own into his dispute and report the results of the investigation back to his within 30 days. 15 U.S.C. § 1681i(a)(1)(A).

44. Mr. Patterson's disputes were readily and objectively verifiable by Experian and Trans Union, as a written contract exists which clearly and unequivocally indicates the Loan tradeline should be deleted.

45. As supporting evidence to his disputes, Mr. Patterson included a redacted version of this agreement, as well as the case number and county from his initial lawsuit against OppLoans.

46. However, rather than conducting independent investigations, Experian and Trans Union blindly accepted the ACDV responses from OppLoans and continued to incorporate the tradeline into Mr. Patterson's credit reports.

47. Experian and Trans Union each determined that the electronic verification of the tradeline by OppLoans – something requiring only a few clicks of a computer mouse – was somehow more persuasive evidence than the excerpt from a contract evidencing an agreement to delete.

48. Neither Experian, nor Trans Union called Mr. Patterson, or otherwise contacted him in furtherance of their investigations, other than to provide him with confirmation of receipt and his dispute results.

49. Both Experian and Trans Union are aware that OppLoans is not a reliable source of information, especially as it pertains to disputes which allege OppLoans agreed, in writing, to delete a tradeline but then failed to actually do so.

50. Both Experian and Trans Union have been defendants in a significant number of FCRA lawsuits alleging OppLoans failed to delete an account after expressly promising to do so; in many cases, OppLoans continued to report a balance as well, after agreeing to discharge the debt. See, e.g., *Warren Davis vs. Opportunity Financial, Inc. and Trans Union, LLC*, case 2:22-cv-00599-JES-NPM, M.D. Fla., September 21, 2022 (small claims case removed to federal court by Trans Union;

plaintiff alleged OppLoans failed to delete tradeline as agreed in settlement, and continued to report a balance owed); *Tanya Cason vs. Equifax Information Services, Experian Information Solutions, and Opportunity Financial LLC*, case 6:25-cv-02318-RBD-NWH, M.D. Fla, November 12, 2025 (state court case removed to federal court by Trans Union; plaintiff alleged OppLoans failed to delete tradeline as agreed in settlement, and continued to report a balance owed); *Marie Walker vs. Opportunity Financial and Experian Information Solutions,* Hillsborough County, Florida, Filing #235396906, November 7, 2025 (plaintiff alleged OppLoans failed to delete tradeline as agreed in settlement).

51. Because both Experian and Trans Union were aware OppLoans routinely failed to investigate disputes concerning its breach of agreement to delete previously reported tradelines, the CRAs had a heightened obligation to investigate Mr. Patterson's disputes but failed to do so.

52. The fact OppLoans failed to report obviously disputed information as "disputed by consumer" likewise put the CRAs on notice that OppLoans was not capable of, or simply refused to, make a reasonable investigation.

53. Upon receipt of the ACDV responses, Experian and Trans Union both utilized an automated system which made rudimentary checks of tradeline data between what OppLoans had reported and the data contained in their own files on Mr. Patterson, *e.g.,* his name, address, date of birth, and Social Security number.

54. This concluded their "investigations."

55. OppLoans provided no documents or other evidence to Experian and Trans Union which would have indicated that the Loan should still report.

56. Experian and Trans Union's complete reliance on OppLoans to verify disputed information without any additional investigation by the CRAs is inherently unreasonable, especially when a consumer states the underlying debt was waived in a settlement and that the tradeline should have been deleted per the agreement – with evidence confirming the consumer's narrative.

57. Experian and Trans Union's dispute resolution systems are heavily tilted in favor of their data furnishers, from whom they receive revenue monthly, and rest on the premise that the data furnishers are always right, until categorically proven wrong by the consumer.

58. As a result, consumers like Mr. Patterson are left in a scenario where their only way to have their credit report corrected rests on their ability to disprove a negative.

59. Experian and Trans Union failed to conduct a reasonable investigation into any of Mr. Patterson's disputes, as any reasonable investigation would have determined the tradeline should be deleted based on OppLoans' prior contract with Mr. Patterson.

60. As the OppLoans tradeline continues to report in the credit files of Mr. Patteson maintained by Experian and Trans Union, Mr. Patterson thus demands that Experian and Trans Union, upon receipt of this lawsuit, conduct and investigation and delete the OppLoans tradeline.

**Defendants' Errant Reporting Impacted Mr. Patterson's Credit Applications**

61. Mr. Patterson has been working diligently to improve his credit to finance a home loan.

62. On or about October 2, 2025, Mr. Patterson applied for a mortgage through Stockton Mortgage.

63. Stockton Mortgage, to review his application, requested and obtained a tri-merge consumer report regarding Mr. Patterson from SettlementOne Data, a reseller of consumer reports.

64. SettlementOne, upon receipt of Stockton Mortgage's inquiry, requested and obtained consumer reports regarding Mr. Patterson from each of Experian, Equifax and Trans Union.

65. The reports sold by Experian and Trans Union included the OppLoans tradeline, more than three weeks after it should have been deleted.

66. The OppLoans tradeline reported as paid in settlement for less than full balance, a derogatory status.

67. Due at least in part to the errant OppLoans' tradeline, Mr. Patterson could not proceed with his application.

68. On January 13, 2026, Mr. Patterson again applied for a mortgage, this time through Neighborhood Loans.

69. Neighborhood Loans, to review his application, requested and obtained a tri-merge consumer report regarding Mr. Patterson from Xactus, LLC, a reseller of consumer reports.

70. Xactus, upon receipt of Neighborhood Loans' inquiry, requested and obtained consumer reports regarding Mr. Patterson from each of Experian, Equifax and Trans Union.

71. The reports sold by Experian and Trans Union included the OppLoans tradeline, more than three weeks after it should have been deleted.

72. The OppLoans tradeline reported as a charged-off account, settled for less than full balance after charge off.

73. Due at least in part to the errant OppLoans' tradeline, Mr. Patterson could not proceed with his application.

74. Experian and Trans Union have furnished reports to other third parties containing the OppLoans tradeline, after notice of dispute from Mr. Patterson.

75. Defendants' conduct described herein has caused Mr. Patterson additional loss of credit, including an application for a credit card through Suncoast Credit Union.

76. Defendants' conduct described herein has also caused Mr. Patterson to suffer damage to his reputation, severe emotional distress, damage to his credit scores, and wasted time.

77. Mr. Patterson has hired the aforementioned law firm to represent him in this matter and has assigned his right to attorney fees and costs to the firm.

## COUNT I
## OPPLOANS' WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681s-2(b)

78. Mr. Patterson realleges Paragraphs 1 – 77 as if fully restated herein.

79. OppLoans violated **15 U.S.C. § 1681s-2(b)** when it failed to conduct reasonable investigations after receiving notices of dispute from Experian and Trans Union, as any reasonable investigation would have concluded that the account could not be verified as accurate, as OppLoans had previously agreed to cease reporting it.

80. OppLoans did not so much as update its reporting to indicate the reporting was disputed by Mr. Patterson.

81. OppLoans' conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

82. OppLoans' conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Patterson.

83. Accordingly, pursuant to 15 U.S.C. § 1681n, OppLoans is liable to Mr. Patterson for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Patterson respectfully requests this Honorable Court enter judgment against OppLoans, ordering:

a. The greater of statutory damages of $1,000 per incident or Mr. Patterson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT III
## OPPLOANS' NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681s-2(b)

### Pled in the Alternative to Count II

84. Mr. Patterson realleges Paragraphs 1 – 77 as if fully restated herein.

85. OppLoans owed Mr. Patterson a legal duty to conduct a reasonable investigation into his disputes after receiving notice of same from a CRA.

86. OppLoans breached this duty when it failed to conduct a reasonable investigation after receiving notice of dispute from a CRA, on at least six separate occasions, as reasonable investigations would have concluded that the account could not be verified as accurate, as OppLoans had previously agreed to cease reporting it.

87. OppLoans' breach violated 15 U.S.C. § 1681s-2(b).

88. Accordingly, pursuant to 15 U.S.C. § 1681o, OppLoans is liable to Mr. Patterson for his actual damages, as well as reasonable attorney's fees and costs.

**WHEREFORE,** Mr. Patterson respectfully requests this Honorable Court enter judgment against OppLoans, ordering:

    a.    Mr. Patterson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.      Such other relief that this Court deems just and proper.

## COUNT III
### EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681i(a)(1)(A)

89.    Mr. Patterson realleges Paragraphs 1 – 77 as if fully restated herein.

90.    Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least three separate disputes of the OppLoans tradeline by Mr. Patterson, as any reasonable investigation would have concluded that the account could not be verified as accurate, as OppLoans had previously agreed to cease reporting it.

91.    Experian's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

92.    Experian's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Patterson.

93.    Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Patterson for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Patterson respectfully requests this Honorable Court enter judgment against Experian, ordering:

 a. The greater of statutory damages of $1,000 per incident or Mr. Patterson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

 b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

 c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

 d. Such other relief that this Court deems just and proper

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

### Pled in the Alternative to Count III

94. Mr. Patterson realleges Paragraphs 1 – 77 as if fully restated herein.

95. Experian owed Mr. Patterson a legal duty to conduct a reasonable investigation into his disputes upon notice of same.

96. Experian breached this duty when it failed to conduct a reasonable investigation after receiving notice of dispute on at least three separate occasions, as reasonable investigations would have concluded that the account could not be verified as accurate, as OppLoans had previously agreed to cease reporting it.

97. Experian's breach violated 15 U.S.C. § 1681i(a)(1)(A).

98. Accordingly, pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Patterson for his actual damages, as well as reasonable attorney's fees and costs.

**WHEREFORE,** Mr. Patterson respectfully requests this Honorable Court enter judgment against Experian, ordering:

    a.    Mr. Patterson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT V
## TRANS UNION'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

99. Mr. Patterson realleges Paragraphs 1 – 77 as if fully restated herein.

100. Trans Union violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least three separate disputes of the OppLoans tradeline by Mr. Patterson, as any reasonable investigation would have concluded that the account could not be verified as accurate, as OppLoans had previously agreed to cease reporting it.

101. Trans Union's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

102. Trans Union's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Patterson.

103. Accordingly, pursuant to 15 U.S.C. § 1681n, Trans Union is liable to Mr. Patterson for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Patterson respectfully requests this Honorable Court enter judgment against Trans Union, ordering:

a. The greater of statutory damages of $1,000 per incident or Mr. Patterson's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper

## COUNT VI
## TRANS UNION'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681i(a)(1)(A)

### Pled in the Alternative to Count V

104. Mr. Patterson realleges Paragraphs 1 – 77 as if fully restated herein.

105. Trans Union owed Mr. Patterson a legal duty to conduct a reasonable investigation into his disputes upon notice of same.

106. Trans Union breached this duty when it failed to conduct a reasonable investigation after receiving notice of dispute on at least three separate occasions, as reasonable investigations would have concluded that the account could not be verified as accurate, as OppLoans had previously agreed to cease reporting it.

107. Trans Union's breach violated 15 U.S.C. § 1681i(a)(1)(A).

108. Accordingly, pursuant to 15 U.S.C. § 1681o, Trans Union is liable to Mr. Patterson for his actual damages, as well as reasonable attorney's fees and costs.

**WHEREFORE,** Mr. Patterson respectfully requests this Honorable Court enter judgment against Trans Union, ordering:

a. Mr. Patterson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT VII
## OPPLOANS' BREACH OF CONTRACT

109. Mr. Patterson realleges Paragraphs 1 – 77 as if fully restated herein.

110. OppLoans entered into a contract with Mr. Patterson in September 2025 whereby it agreed to cease collection of the Loan and to request deletion of the tradeline representing the Loan.

111. OppLoans did not request deletion of the tradeline, and instead verified it as reporting accurately on at least six separate occasions.

112. As a result, Mr. Patterson was damaged as outline above, since Experian and Trans Union continued to include the Loan in consumer reports to Mr. Patterson's creditors and potential creditors.

**WHEREFORE,** Mr. Patterson respectfully requests this Honorable Court enter judgment against OppLoans, ordering:

a. Actual damages from OppLoans' breach of contract;

b. The attorney's fees and costs spent enforcing the agreement; and,

c. Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Mr. Patterson hereby demands a jury trial on all issues so triable.

Respectfully submitted on February 13, 2026, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@SeraphLegal.com
3505 East Frontage Road, Suite 145
Tampa, FL 33607
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*